## Commonwealth *v.* Porreca, Appellant.

*Criminal law—False pretenses—Securing signature to mortgages.*
A conviction for obtaining the signature of the prosecutor to two mortgages by false pretense will be sustained, where the evidence justified the jury in finding that the purpose of the defendant was to obtain money on the mortgages, that the representations which induced the prosecutor to execute them were untrue, and that the transactions between the prosecutor and the defendant showed that the purpose of the defendant was to obtain the prosecutor's money by illegitimate means.

Argued Nov. 19, 1917. Appeal, No. 183, Oct. T., 1917, by defendant, from judgment of Q. S. Philadelphia Co., May Sessions, 1916, Nos. 356-357, on verdict of guilty in case of Commonwealth v. John V. Porreca. Before Orlady, P. J., Porter, Henderson, Head, Kephart, Trexler and Williams, JJ. Affirmed.

Indictment for securing signature to mortgages by false pretense. Before Weissel, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty to which the defendant was sentenced to eighteen months in the county prison and a fine of $250 and costs.

*Error assigned* was in submitting the case to the jury.

*Henry J. Scott,* for appellant, cited: Com. v. Moore, 99 Pa. 570; Com. v. Henry, 22 Pa. 253.

*Charles E. Bartlett,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee, cited: Com. v. Daniels, 2 Parsons 332; Com. v. Collins, 8 Philadelphia 609.

OPINION BY HENDERSON, J., July 10, 1918:

The defendant was convicted of obtaining the signature of the prosecutor, Guiseppe D'Annunzio, to two bonds and two mortgages, by false pretense. He had an option to buy certain parcels of real estate on Ninth street and South Darien street in Philadelphia, for which he was to pay $10,500. He induced the prosecutor who is a foreigner and unable to read or write English to enter into a contract with him as agent for the purchase of these properties, at the price of $13,200; $800 of which was to be paid down on the signing of the agreement, and the balance at the time of the settlement, which was to be made within thirty days from the date of the contract.

At the time of the agreement the defendant represented to the prosecutor that he had paid $800 on the property, and the prosecutor gave his note for that amount. Some time after the signing of the agreement referred to, the defendant called to see the prosecutor and represented to him that the latter was bound under the contract to give two mortgages on property which he owned on Catherine street, one for $1,500 and the other for $1,000, and that it was necessary and required that he execute and deliver these mortgages to him, the defend-

ant, as security, before the contract for purchase of the property on Ninth street and Darien street could be carried out; whereupon the prosecutor signed the mortgages. It was represented to him at the time he attached his signature that they were mortgages on the property covered by the article of agreement, but it seems to have been agreed that he would give security on the Catherine street property for the performance of the contract on his part. The mortgages were in fact not made payable to the defendant, nor drawn so that they became security for the performance of the contract, but were made payable, one to Colinsky for $1,500, and one to the Weinroth Building & Loan Association for $1,000. The mortgages were not acknowledged by the mortgagor, but the defendant procured a notary public to certify the acknowledgment of them in the absence of the mortgagor. At a later date the defendant procured an assignment of the article of agreement from the prosecutor to a brother of the defendant.

It is contended on behalf of the appellant that the evidence is not sufficient to establish a false pretense. No evidence was offered for the defense, and the case must be disposed of in the light of the testimony offered by the Commonwealth and of the inferences legitimately deduced therefrom. That the defendant obtained from the prosecutor obligations for $2,500 and the principal part of the money arising therefrom is not controverted, and there is abundant evidence from which a jury might reach the conclusion that the prosecutor was defrauded. The same evidence would support the belief that it was the intention of the defendant to perpetrate a fraud. Misrepresentation in regard to the amount of money paid by the defendant on the property, the manner in which the note for $800 was used, the obtaining of the assignment of the contract from the prosecutor, and the appropriation of the proceeds of the mortgages by the defendant were transactions tending to show the purpose of the defendant to obtain the prosecutor's money.

by illegitimate means.   That the representation under which the prosecutor gave the mortgages was not true can hardly be doubted.   Nothing in the case supports the defendant's assertion that it was necessary that these mortgages be given as a condition precedent to the carrying out of the contract for the sale of the land.   They were not taken as security.   It is evident that the purpose of the defendant was to obtain money on them and the jury was warranted in concluding that the repre' sentation which induced the execution of them was untrue.   This representation was that there was an existing necessity resting on the prosecutor to give the mortgages.   But nothing in the contract imposed such obligation on him.   He was induced to believe he was legally bound by his contract to do that which the jury might conclude he would not otherwise have done, and was thereby defrauded of his property.   The defendant spoke of the existing state of facts and of an obligation which the prosecutor rested under, and by that means the defendant's scheme was carried through.

The transaction as found by the jury was within the very language of the statute.   There was a false pretense with reference to an existing state of facts, and we are not convinced by the argument of the learned counsel for the appellant that the case is not within the class intended to be forbidden.   The defendant's act was more than a naked lie.   It was attended by circumstances calculated to deceive one who trusted in his integrity.

The case is sustained by the established facts which bring it within the statute.   The judgment is affirmed and the record remitted to the Court of Quarter Sessions of Philadelphia County, with direction that the judgment be fully carried into effect, and to that end it is ordered that the appellant appear in that court and that he be committed by that court to serve and comply with such part of his sentence as had not been served and complied with at the time this appeal was taken.